UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**CARLOS DEWAYNE WADE**           **CIVIL ACTION NO. 06-2349-P**

**VERSUS**                         **JUDGE WALTER**

**WARDEN N. BURL CAIN**            **MAGISTRATE JUDGE HORNSBY**

REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Carlos Dewayne Wade ("Petitioner), pursuant to 28 U.S.C. §2254. The petition was received and filed in this Court on December 14, 2006. Petitioner is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court conviction, habitual offender adjudication and sentence. Petitioner names Warden N. Burl Cain as respondent.

On August 28, 2001, Petitioner was convicted of possession of cocaine with intent to distribute in Louisiana's First Judicial District Court, Parish of Caddo. Subsequently, he was adjudicated a third felony offender. In December 2001, he was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.

In support of this petition, Petitioner alleges (1) the evidence was insufficient to convict him of possession of cocaine with intent to distribute, (2) the trial court should not

have granted the State's reverse <u>Batson</u> challenge, (3) the evidence was insufficient to convict him of being a third felony offender, (4) the habitual offender amendment should have been applied retroactively, (5) his sentence is excessive, and (6) Detective Tong should not have been allowed to testify as an expert.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

    3.    the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

    4.    the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the court must allow the petitioner one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted in August 2001 and sentenced in December 2001. The Louisiana Second Circuit Court of Appeal affirmed his conviction and sentence on October 23, 2002. State v. Wade, 36,295 (La. App. 2 Cir. 10/23/02), 832 So.2d 977. The Supreme Court of Louisiana denied writs of review on April 4, 2003. State v. Wade, 2002-2875 (La. 4/4/03), 840 So.2d 1213. In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction and sentence become final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the Supreme

Court has expired.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).  Therefore, Petitioner's one-year period commenced 90 days after April 4, 2003 on July 3, 2003.

The federal petition currently before the Court was filed in this Court on December 14, 2006 and signed on December 5, 2006.  Since the federal clock began ticking on July 3, 2003, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before July 3, 2004.  This petition was not filed until December 2006 at the earliest, more than one year too late.

In addition, the post-conviction proceedings initiated by Petitioner in May 2005 do not serve to toll the one-year limitation period, as they were not filed within the one-year period. See supra footnote 1.  Review of these proceedings continued until the Supreme Court of Louisiana denied relief on September 1, 2006.  State ex rel. Wade v. State, 2006-0533 (La. 9/1/06), 936 So.2d 202.  To toll the federal limitation period at all, a petitioner's post-conviction application must be filed within the federal one-year period.  Petitioner did not file the application for post-conviction relief until May 2005, after the limitation period had already expired in July 2004.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred

by the one-year limitation period imposed by the AEDPA. See <u>Kiser v. Johnson</u>, 1999 WL 199 (5th Cir. 1/6/99) (No. 11,292).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this  12th  day of June 2007._____

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE